Cuyahoga County.

## HUSBAND AND WIFE—DRUGS.

[Cuyahoga (8th) Circuit Court, November 1, 1909.]

Henry, Marvin and Winch, JJ.

### HENRY H. FLANDERMEYER v. LILLIE M. COOPER.

DAMAGES LIE FOR SELLING MORPHINE TO HUSBAND CAUSING LOSS OF CONSORTIUM.

A wife may maintain an action for the loss of the society and companion-ship of her husband occasioned by the wrongful acts of a druggist who, against her protest, wantonly or maliciously furnishes her husband, an opium habitue, with morphine in such quantities as to incapacitate him.

ERROR to Cuyahoga common pleas court.

A. H. Martin, for plaintiff in error.

A. F. Counts and Ewing, Nieding & Kramer, for defendant in error:

Cited and commented upon the following authorities. *Westlake* v. *Westlake,* 34 Ohio St. 621, 630 (32 Am. Rep. 397); *Clark* v. *Harlan,* 13 Dec. Re. 634 (1 C. S. C. 418); *Bennett* v. *Bennett,* 116 N. Y. 584 [23 N. E. Rep. 17; 6 L. R. A. 553]; *Clow* v. *Chapman,* 125 Mo. 101 [28 S. W. Rep. 328; 26 L. R. A. 412; 46 Am. St. Rep. 468]; *Warren* v. *Warren,* 89 Mich. 123 [50 N. W. Rep. 842; 14 L. R. A. 545]; *Hoard* v. *Peck,* 56 Barb. (N. Y.) 202.

WINCH, J.

The amended petition in this case claims damages for maliciously, wilfully and unlawfully depriving the plaintiff, Lillie M. Cooper, of the society, companionship and consortium of her husband, Charles A. Cooper.

She says that in the month of June, 1905, the defendant, H. H. Flandermeyer, a pharmacist, conducting a drug store in the city of Cleveland, sold morphine to her husband in such quantities that he became a slave to the drug.

She further says:

"That from and after June, 1905, and until June, 1906, at divers dates which the plaintiff cannot specifically set forth, although the defendant, well knowing that the plaintiff was using every available means to cure and counteract the habit thus formed, and although she frequently protested to the said defendant against his further selling or administering said morphine, and expressly warned and prohibited

Flandermeyer v. Cooper.

said defendant from continuing said sales or administration of morphine to the said Charles A. Cooper, yet the said defendant, having thus created an appetite in the said Charles A. Cooper for the said drug, morphine, and well knowing that the drug was being used not for medicinal purposes, but through a craving that had fastened itself upon him, whereby he was becoming and had become what is known as a morphine fiend, and was thereby wrecking his mind and body, the said defendant did wilfully, wrongfully, maliciously and unlawfully continue to sell and administer quantities of morphine to said Charles A. Cooper, said sales becoming constantly more frequent, until they occurred almost every day, and being in bulk quantities less than the minimum original package of one-eighth ounce, as provided by law, so that the said Charles A. Cooper became a slave to the baneful habit of taking morphine into his system, thereby wrecking his mind and body, and depriving him of moral sensibility, by reason whereof he became and was unfitted and incapable of giving the affection, society, companionship, and consortium which he had formerly given and which were due to his wife, the plaintiff, and that by the means aforesaid so furnished by the defendant, knowingly, wilfully and unlawfully, the plaintiff has been deprived of the affection, society, companionship and consortium of her husband.

"The plaintiff further says that finally, in consequence of the defendant's unlawful and wilful acts, on the sixteenth day of June, 1906, it became necessary for the said Charles A. Cooper to be confined in an asylum, and to be detained therein for a long period of time, namely about one year, whereby the plaintiff was further deprived of the consortium of her husband."

Issues were made up on this cause of action; the case was tried to a jury, resulting in a verdict for the plaintiff in the sum of $500; judgment was rendered upon the verdict, and the cause is now here for review.

The grave objection to this judgment, raised by demurrer to the petition, motion for judgment both before verdict and on special findings of the jury, exceptions to the charge, and in other ways, is that not the selling of the drug, but the husband's voluntary and independent act in taking it into his system was the proximate cause of the injury complained of. There was no evidence that the druggist administered the drug, further than selling it to the husband.

This objection is very well stated by counsel for plaintiff in error in the following language:

"To sustain an action for injury to one's consortium, if such an

action can be sustained in this state, in any case other than a case for alienation of affections, the alleged injury must be the result of a force exerted directly upon the marriage relation, with the purpose of injuring plaintiff's consortium, and the act of the consort responding to that force must not be voluntary."

An analysis of this objection requires a consideration of the nature of this action.

Tiffany, Pers. & Dom. Rel. (Hornbrook Series), page 80, speaking of the action by the husband for alienation of his wife's affections, says:

"Whatever may have been the principle, originally, upon which this class of actions was maintained, it is certain that the weight of modern authority bases the action on the loss of consortium, that is, the society, companionship, conjugal affections, fellowship and assistance. The suit is not regarded in the nature of an action by a master for the loss of the services of his servant, and it is not necessary that there should be any pecuniary loss whatever."

Passing next to a consideration of the wife's rights, he says, on page 83:

"In most, but not all, jurisdictions, a wife has a right of action against one who entices away, or alienates the affections of her husband; at least where her disability to sue alone has been removed by statute. According to the weight of opinion, the right exists even at common law."

So we find it has been held in this state:

"A wife may maintain an action for the loss of the society and companionship of her husband, against one who wrongfully induces and procures her husband to abandon or send her away.

"The acts of the defendant that caused the alleged injury must have been malicious."

*Westlake* v. *Westlake*, 34 Ohio St. 621 [32 Am. Rep. 397].

In discussing the question of malice, the court, on page 634, say:

"The term malice, as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant, or revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind, not sufficiently cautious before it occasions an injury to another. 11 Serg. & R. 39, 40. If the conduct of the defendant was unjustifiable and actually caused the injury complained of by the plaintiff, which was a question for the jury, malice in law would be implied from such conduct, and the court should have so charged."

In 5 Words & Phrases Judicially Defined 4298, we find the following definition: " 'Malice, in common acceptation, means ill will against

Flandermeyer v. Cooper.

a person; but in its legal sense it means a wrongful act done intentionally, without just cause or excuse.' "

The learned trial judge followed the doctrine of *Westlake* v. *Westlake, supra,* and properly charged as to the element of malice and declined to charge as to the doctrine of intervening agency, saying that he thought there was no place for that doctrine in the case.

Remembering that the wrong here complained of is charged as the intentional and not the unintentional act of the defendant, was not the trial judge right?

The intentional wrong here involved was the selling of the morphine to a morphine fiend, knowing and intending that he should take it, and fully realizing the results that would flow to the wife, for she had stated them to the druggist and ordered him to sell her husband no more morphine. The intervening act of the husband, so-called, was in no sense intervening, but contemplated, understood and expected at the time of the sale. It was part of the process by which the druggist would accomplish his purpose if he was actuated by express malice, and why should the rule be different if his malice is merely implied by law from his reckless conduct? Indeed, some of the evidence in this case would almost warrant the jury in finding that the druggist was actuated by express malice. The wife testifies:

"I followed Mr. Cooper to watch where he was going, and I went in and Mr. Smith (a clerk in the store) was just about to hand him something over the counter." I said:

"Mr. Smith, are you selling him morphine or any drug, or anything of that kind? If you are, I will make trouble for you." He said: "You can't stop me." And this all happened after she had warned Flandermeyer not to sell to her husband, his only answer being: "You can't forbid us, because we are selling it by the quantity."

The final results to Cooper from taking the morphine were that he tried to commit suicide and landed in the insane asylum, where he remained a year; the result to the wife was that she was deprived of the consortium of her husband. If a wife can be wronged in her conjugal rights by one who wrongfully induces and procures her husband to abandon her, as in *Westlake* v. *Westlake, supra,* why not by one who deliberately feeds the husband a poisonous drug instead of poisonous words which produce the same result?

At least two courts have found the principles upon which suits for alienation of affection are based, applicable in actions such as we have here. They were both cases where the druggist sold laudanum to the

wife. *Hoard* v. *Peck*, 56 Barb. (N. Y.) 202; *Holleman* v. *Harward*, 119 N. C. 150 [25 S. E. Rep. 972; 34 L. R. A. 803; 56 Am. St. Rep. 672].

We hold then, that the wrong here committed was not merely a moral wrong, but an actionable one, and the record of the case supports the verdict of the jury.

Complaint is made as to certain rulings on evidence, which we have examined, but find no prejudicial error in them. Judgment affirmed.

Henry, J., dissents.

Marvin, J., concurs.